The opinion of the Court was delivered by
O’Neall, J.
The plaintiff is the executor of a will of David Pitts, deceased, which was admitted to probate in com *519 mon form: be qualified, and sold bis testator’s estate, parts of wbicb tbe defendants purchased, and gave for tbeir respective purchases tbe single bills on wbicb these cases rested. Subsequently a later will was found, admitted to probate, and tbe plaintiff’s letters testamentary revoked, and letters testamentary granted to George W. Pitts, tbe executor named in it, who brought trover for the property purchased by tbe defendants and recovered in all, except in two cases, in wbicb tbe defendants delivered up tbe property. So tbe question in all tbe cases is, whether Vance is entitled to recover notwithstanding tbe setting up of tbe last will and tbe revocation of bis letters ?
I am clear that bis title to tbe property sold, failed on the probate of tbe last will, and that of course there was a failure of consideration of the single bills sued on.
Tbe property of the deceased’s goods, is in bis executor, and when it was shown that tbe plaintiff was not bis executor by tbe probate of tbe last will, in wbicb George W. Pitts was appointed executor, and who bad qualified, be (Vance) bad of course no title, and those who purchased from him could have none.
Pitts (George W.) was tbe executor and was rightfully and legally the owner of the property of tbe testator, and tbe defendants could not resist bis claim. Tbe probate of tbe first will and tbe qualification of Vance as executor, and bis sale under it, cannot avail anything. For the last will revoked and annulled tbe first, and carried with it all the' testator’s property to tbe executor, George W. Pitts.
Tbe cases of Poag, adm’or, vs. Miller and Black, Dud. 13, are decisive of these cases, and supersede further argument or illustration.
Tbe motions are dismissed.
■WITHERS, WhitNer, Gloyer and MüNRO, JJ., concurred.

Motions dismissed.